Porschia C. v Sodus Cent. Sch. Dist. (2025 NY Slip Op 03920)

Porschia C. v Sodus Cent. Sch. Dist.

2025 NY Slip Op 03920

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

476 CA 24-01936

[*1]PORSCHIA C., AN INFANT, BY HER MOTHER AND NATURAL GUARDIAN MELISSA A.C., MELISSA A.C., INDIVIDUALLY, PLAINTIFFS-APPELLANTS, BAILEE P., AN INFANT, BY HER MOTHER AND NATURAL GUARDIAN CASSIE L.F., AND CASSIE L.F., INDIVIDUALLY, PLAINTIFFS,
v
SODUS CENTRAL SCHOOL DISTRICT, SODUS ELEMENTARY SCHOOL, SODUS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION AND SODUS CENTRAL SCHOOL DISTRICT DEPARTMENT OF TRANSPORTATION, DEFENDANTS-RESPONDENTS. 

BELLUCK & FOX, LLP, NEW YORK CITY (MICHAEL A. MACRIDES OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HANCOCK ESTABROOK, LLP, SYRACUSE (GIANCARLO FACCIPONTE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered July 5, 2023 in a negligent supervision case. The order, insofar as appealed from, granted that part of the motion of defendants for summary judgment dismissing the complaint of plaintiffs Porschia C., an infant, by her mother and natural guardian Melissa A.C., and Melissa A.C., individually. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaint of plaintiffs Porschia C., an infant, by her mother and natural guardian Melissa A.C., and Melissa A.C., individually, is reinstated.
Memorandum: The infant plaintiffs and their mothers commenced these negligence actions, seeking damages based on allegations that the infant plaintiffs were subjected to sexual misconduct by another student (perpetrator) while being transported to and from defendant Sodus Elementary School (school) on a bus operated by defendants. The underlying sexual misconduct allegedly occurred on multiple occasions from the time the infant plaintiffs were in kindergarten through the second grade. In their complaints, plaintiffs asserted causes of action for, inter alia, negligent supervision, alleging that defendants, despite having actual or constructive notice of the perpetrator's misconduct, failed to protect the infant plaintiffs from sexual misconduct on the school bus. Defendants moved for summary judgment dismissing the complaints, contending, inter alia, that they lacked notice of the perpetrator's propensity for sexual misconduct and, thus, they could not have foreseen the sexual misconduct committed against the infant plaintiffs. Supreme Court granted the motion and dismissed the complaints.
We previously decided an appeal from the order that was perfected by infant plaintiff Bailee P. and her mother, plaintiff Cassie L.F., and we reversed insofar as appealed from, denied the motion insofar as it sought to dismiss their complaint, and reinstated that complaint (Porschia C. v Sodus Cent. Sch. Dist., 231 AD3d 1520 [4th Dept 2024]). Although infant plaintiff Porschia C. and her mother, plaintiff Melissa A.C., purported to appeal from the same order, we noted that because the record on appeal did not contain a notice of appeal from them, [*2]their appeal had been deemed dismissed for failure to perfect within six months of the date of the notice of appeal (id. at 1521). We therefore declined to consider the contentions of those plaintiffs inasmuch as they were not properly before us (id.). We subsequently granted the motion of plaintiffs Porschia C. and Melissa A.C. to vacate the dismissal of their appeal (Porschia C. v Sodus Cent. Sch. Dist., 2024 NY Slip Op 79705[U] [4th Dept 2024]; see 22 NYCRR 1250.10 [c]). Plaintiffs Porschia C. and Melissa A.C. thereafter perfected their appeal, which is therefore properly before us now.
For the reasons set forth in our decision in the appeal perfected by plaintiffs Bailee P. and Cassie L.F. (Porschia C., 231 AD3d at 1521-1523), which involved a materially similar complaint against defendants and the same order granting defendants' motion, we agree with plaintiffs Porschia C. and Melissa A.C. that defendants did not satisfy their initial burden of establishing as a matter of law that they lacked actual or constructive notice of the conduct that allegedly caused injury and therefore the court erred in granting the motion on that basis (see id.; see generally Mirand v City of New York, 84 NY2d 44, 49 [1994]; Charles D.J. v City of Buffalo, 185 AD3d 1488, 1489 [4th Dept 2020]). Consequently, we reverse the order insofar as appealed from, deny the motion insofar as it sought to dismiss the complaint of plaintiffs Porschia C. and Melissa A.C., and reinstate their complaint.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court